# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KARI AYERS et al.,

    Plaintiffs,

vs.

SARSTEDT, INC.,

    Defendant.

3:16-cv-00275-RCJ-WGC

**ORDER**

This case arises out of alleged violations of Nevada's wage and hour laws. Pending before the Court is a Motion for Attorney Fees (ECF No. 14). For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs Kari Ayers and Katrina Markussen filed this action in state court on April 28, 2016. Defendant Sarstedt, Inc. ("Sarstedt") removed to this Court on May 23, 2016 and filed a motion for partial dismissal the same day. On May 24, 2016, Plaintiffs filed a motion to remand and a motion to stay Sarstedt's motion to dismiss. Sarstedt filed responses to those motions on June 9, 2016 and June 10, 2016. On June 20, 2016, Plaintiffs filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A), which the Court approved on June 21, 2016.

Plaintiffs make the following claims: (1) constructive discharge; (2) failure to pay minimum wages in violation of the Nevada Constitution; (3) failure to timely pay all wages upon termination in violation of NRS 608.140 and NRS 608.030-.050; and (4) failure to pay overtime compensation. Sarstedt moves the Court to order Plaintiffs to pay attorney fees and costs following Plaintiffs' voluntary dismissal.

## II.     LEGAL STANDARDS

Courts generally consider four factors in determining whether to award costs to a defendant after a voluntary dismissal without prejudice: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (footnote omitted) (quoting 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I]). A court may order a plaintiff to "to pay all or part of the costs of [a] previous action" when a plaintiff has "previously dismissed an action in any court [and] files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d).

## III.    ANALYSIS

Sarstedt moves the Court to order Plaintiffs to pay attorney fees and costs based on the factors in *Williams*. First, Sarstedt notes that on July 11, 2016 Plaintiffs filed a second suit in state court with identical claims and parties and some minor changes to avoid removal. (*See* Suppl. Br., 3, ECF No. 16). Sarstedt argues that this second suit will result in duplicative expenses and costs. While this may be true, when a plaintiff voluntarily dismisses a case, a defendant is entitled to recover only "attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Here, the complaint in the second case appears to be nearly identical to the complaint in this case; thus, any work Sarstedt's counsel performed for this case will be very useful in the second case. For example, Sarstedt describes Plaintiffs' new complaint as "a vain attempt to avoid removal," (Suppl. Br., 3), which means its work to remove this case and argue against remand will likely not be wasted, nor will its motion to dismiss.

Second, Sarstedt has incurred relatively little effort and expense, if any, to prepare for trial as the case is still in its initial stages. Third, litigation in the case has not progressed much at all; the Court has not ruled on the motions to remand or dismiss. Sarstedt blames the lack of progress on Plaintiffs' conduct, but the Court finds no reason to believe Plaintiffs have used delay tactics or have been inexcusably unresponsive. Fourth, Sarstedt argues that Plaintiffs were not diligent in moving to dismiss because they did not voluntarily dismiss the case until June 20, 2016, almost a month after Sarstedt filed its motion to dismiss. The Court disagrees. Federal Rule of Civil Procedure 41(a)(1)(A)(i) requires a plaintiff to file a notice of voluntary dismissal "before the opposing party serves either an answer or a motion for summary judgment"; it does not place any other time-specific restraints on a voluntary dismissal. Here, Plaintiffs filed their notice of voluntary dismissal less than a month after the case was removed and before Sarstedt filed an answer or motion for summary judgment. During the interim, both parties were engaged in filing various motions and responses. The Court finds that Plaintiffs did not unnecessarily delay the filing of their notice of voluntary dismissal.

Sarstedt also argues that Plaintiffs are acting maliciously in prosecuting their case and forum shopping to avoid the application of this Court's holding in a prior case. Sarstedt makes several inferences to draw these conclusions, but it provides no evidence to show its accusations are true. Also, Sarstedt argues that Rule 41(d) allows the Court to order Plaintiffs to pay fees and

costs because Plaintiffs have filed a subsequent suit in state court; however, Rule 41(d) applies to cases in which a plaintiff has filed and dismissed a case prior to the case at bar. Here, Plaintiffs filed a case after this case, not prior to it; thus, Rule 41(d) does not apply. If Sarstedt removes Plaintiffs' second case to federal court, then Sarstedt might argue in the second case that under Rule 41(d) the court should order fees and costs for this case.

Finally, as Plaintiffs point out, Local Rule 54-14 requires a party moving for attorney fees to provide "[a] reasonable itemization and description of the work performed" and "of all costs sought to be charged," L.R. 54-14(b)(1)-(2), and a brief summary of various items involving the request, L.R. 54-14(b)(3). Even if the Court were to agree with Sarstedt's arguments, the information Sarstedt has provided would not allow the Court to adequately assess the reasonableness of the request for attorney fees and costs. Sarstedt only provides the number of hours its attorneys have worked on the case and their hourly rates; it provides no itemization of fees and costs or a summary as required under subsection (b)(3).

Sarstedt has not shown that it is entitled to attorney fees and costs. The Court denies the motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney Fees (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Supplemental Brief (ECF No. 16) is GRANTED.

IT IS SO ORDERED.

Dated this 29th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge